UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| UNITED STATES OF AMERICA, | |
|---|---|
| Plaintiff, | |
| v. | Case No. 19-CR-92 |
| EZIAR HILLIARD, | **ORDER** |
| Defendant. | |

1.  **BACKGROUND**

On March 19, 2024, Defendant Eziar Hilliard ("Defendant") filed a pro se motion for compassionate release together with a brief and documentation in support thereof. ECF No. 26. On March 28, 2024, the Government filed a motion to extend time to file its response. This motion was granted on March 29, allowing the Government until May 2 to respond. ECF Nos. 28, 29. On April 18, 2024, the Government filed its brief in opposition to Defendant's motion. ECF No. 30. Defendant did not file a reply brief within the time allotted by the Court's briefing schedule. *See* ECF No. 29 (allowing Defendant to file reply within twenty-one days of the Government's response). He did, however, request a copy of the Government's response on May 29, 2024, ECF No. 31, but did not file a reply brief and took no further action related to his motion. For the reasons stated herein, Defendant's motion for compassionate release will be denied.

2.  **FACTS**

On March 3, 2019, Defendant ordered a pizza by delivery from a Domino's in Milwaukee. ECF No. 13 at 2. When the delivery driver arrived, Defendant concealed his face, brandished a handgun in front of her, and

demanded money. *Id.* The delivery driver, who was eight months pregnant, feared for her safety and gave Defendant the $20 she had on her person. *Id.* at 2–3. She was unable to continue working for Domino's thereafter. *Id.* at 3.

Defendant was charged with one count of robbery in violation of 18 U.S.C. § 1951(a) and one count of brandishing a firearm during that robbery, in violation of 18 U.S.C. § 924(c)(1)(A)(ii). ECF No. 1. In July of 2019, Defendant pled guilty to both counts. ECF No. 13. In October of 2019, Defendant was sentenced to three months' imprisonment on the robbery charge and 84 months' imprisonment on the firearm charge, with these two sentences running consecutively for a total of 87 months' imprisonment. ECF No. 22.

The Government recommended that Defendant receive a "custodial sentence at the bottom of the sentencing guidelines range" in light of Defendant's swift acceptance of responsibility and the lack of physical injury to the victim. ECF No. 18 at 2. The Court agreed and sentenced Defendant to a term of imprisonment below that suggested by the sentencing guidelines. ECF No. 22 at 1–2. Defendant is serving his term of imprisonment at Cumberland Federal Correctional Institute in Cumberland, Maryland. *See* Fed. Bureau of Prisons, *Inmate Locator*, https://www.bop.gov/inmateloc/ (last visited June 21, 2024). His projected release date is July 28, 2025. *See id.*

Defendant now seeks compassionate release because of his youth, immaturity, and drug abuse at the time of his offense. *See generally* ECF No. 26 at 2–4. He argues that these factors present extraordinary and compelling reasons justifying an early release. *Id.* He further argues that his efforts towards rehabilitation, alleged low recidivism risk, and the previously

mentioned factors render his sentence incompatible with the 18 U.S.C. § 3553(a) sentencing factors. *Id.* at 5–9.

### 3. LEGAL STANDARD

The Court can modify a term of imprisonment "upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf" or thirty days after the warden at the defendant's facility has received such a request for release, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). There must be "extraordinary and compelling reasons warrant[ing] such a reduction." *Id.* § 3582(c)(1)(A)(i).

Section 3582(c)(1)(A) instructs that a reduction must also be "consistent with applicable policy statements issued by the [United States] Sentencing Commission" (the "Commission"). *See also United States v. Black*, No. 05 CR 70-4, 2024 WL 449940, at *4 (N.D. Ill. Feb. 6, 2024) ("Congress directed the . . . Commission, in policy statements, to 'describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples.'") (quoting 28 U.S.C. § 994(t)).

In 2020, the Seventh Circuit held that the relevant policy statement, U.S.S.G. § 1B1.13, was inapplicable to prisoner-initiated motions for compassionate release. *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020) ("Section 1B1.13 addresses motions and determinations of the Director, not motions by prisoners. In other words, the . . . Commission has not yet issued a policy statement 'applicable' to [a prisoner's] request."). Therefore, because there was no applicable policy statement, the Seventh Circuit explained that courts have discretion when determining what constitutes an "extraordinary and compelling" reason warranting

Page 3 of 13
Case 2:19-cr-00092-JPS   Filed 06/21/24   Page 3 of 13   Document 32

compassionate release. *Id.* ("[T]he trailing paragraph of § 3582(c)(1)(A) does not curtail a district judge's discretion. Any decision is 'consistent with' a nonexistent policy statement.").

However, November 1, 2023 amendments to § 1B1.13 clarify that, in addition to "expand[ing] the list of specified extraordinary and compelling reasons that can warrant sentence reductions," "the applicability of the policy statement [is extended] to defendant-filed motions . . . ." U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 7, *available at* https://perma.cc/P7TS-LMXQ (last visited June 21, 2024). Thus, it appears that the Seventh Circuit's prior determination of inapplicability of the policy statement will change. *See United States v. Thacker*, 4 F.4th 569, 573 (7th Cir. 2021) ("*[U]ntil* the . . . Commission updates its policy statement to reflect prisoner-initiated compassionate release motions, district courts have broad discretion to determine what else may constitute 'extraordinary and compelling reasons' warranting a sentence reduction.") (emphasis added).

Nonetheless, the distinction is ultimately academic. Courts retain discretion under the "catchall" provision of § 1B1.13 to find "any other circumstance or combination of circumstances" that are "similar in gravity" to those specifically enumerated in § 1B1.13 to be extraordinary and compelling bases for release. U.S. SENT'G COMM'N, *Amendments to the Sentencing Guidelines, Policy Statements, Official Commentary, and Statutory Index* 3, 7 (referring to § 1B1.13(b)(5) as a "catchall" provision); *cf. Gunn*, 980 F.3d at 1180 (holding, prior to November 1, 2023 amendments, that "[t]he substantive aspects of the . . . Commission's analysis in § 1B1.13 and its Application Notes provide a working definition of 'extraordinary and compelling reasons'; a judge who strikes off on a different path risks an

appellate holding that judicial discretion has been abused") (citing *Gall v. United States*, 552 U.S. 38, 49–50 (2007) and *Kimbrough v. United States*, 552 U.S. 85 (2007)).

Prior to modifying a term of imprisonment, the Court must also consider the sentencing factors set forth in 18 U.S.C. § 3553(a), if applicable. 18 U.S.C. § 3582(c)(1)(A).

4. ANALYSIS

4.1 Exhaustion

Defendant requested on November 29, 2023 that his warden schedule him for compassionate release, but the warden declined the request less than 30 days later. *See* ECF No. 26-2. Several months passed between the warden's denial and Defendant's filing the motion before this Court. It must be noted that the administrative exhaustion requirement, if unfulfilled, can be a barrier to any motion for compassionate release. "[T]he exhaustion requirement is a mandatory claim-processing rule and therefore *must* be enforced when properly invoked." *United States v. Sanford*, 986 F.3d 779, 782 (7th Cir. 2021). However, in the Seventh Circuit, administrative exhaustion is an affirmative defense. If the Government fails to properly invoke this defense in its response, it loses the ability to use it any further. *Id.* (citing *Gunn*, 980 F.3d 1178, at 1179).

It is unclear whether Defendant exhausted his further administrative remedies, including administrative appeals, after the warden's denial. He was advised of his right to administrative appeal. ECF No. 26-2 at 2 ("If you are dissatisfied with this response, you may appeal using the Administrative Remedy process at the institution level within (20) calendar days of receipt of this response."). However, nothing in the record indicates that Defendant attempted to invoke the administrative appeal

process on the warden's denial of his request. *See United States v. Banks*, No. 03-CR-40019-JPG, 2020 WL 3077316, at *2 (S.D. Ill. June 10, 2020) (finding that the defendant failed to exhaust administrative remedies because he failed to "assert that he appealed the Bureau of Prisons' refusal to move for compassionate release on his behalf" and accordingly deny motion for compassionate release); *United States v. Jaimes-Molina*, No. 1:17-CR-69-HAB, 2024 WL 1528622, at *2 (N.D. Ind. Apr. 9, 2024) (drawing the same conclusion where the defendant failed to present evidence that he "exhausted *all* his administrative remedies, including administrative appeals, prior to filing a motion in the district court").

However, the Government did not raise the defense of insufficient administrative exhaustion. *See generally* ECF No. 30. The Government has therefore lost the benefit of the defense. The Court will therefore proceed to the merits of Defendant's motion. As explained in the next section, irrespective of whether Defendant failed to exhaust his administrative remedies, his motion remains subject to denial on the merits.

### 4.2 Extraordinary and Compelling Reasons

The Government argues that Defendant has failed to present any extraordinary and compelling basis for compassionate release. ECF No. 30 at 2. The Court concurs. The thrust of Defendant's argument is that his judgment in committing the crime for which he is imprisoned was impaired due to his young age and drug abuse at the time. *See generally* ECF No. 26 at 3–9. For multiple reasons, these do not constitute an extraordinary and compelling basis for release.

Defendant first urges the Court to consider his age as an extraordinary and compelling reason for release. It is well-established that courts must consider a defendant's age in sentencing. *United States v.*

*Chavez*, No. 08-cr-746-5, 2024 U.S. Dist. LEXIS 88382, at *9–10 (N.D. Ill. May 16, 2024) (citing *Miller v. Alabama*, 567 U.S. 460, 472 (2012)). In the compassionate release context, district courts, including in the Seventh Circuit, consider the defendant's youth and immaturity at the time of an offense a possible reason for reducing a sentence primarily when the defendant was an adolescent sentenced to life imprisonment. *See, e.g.*, *United States v. Freeman*, No. 1:16-CR-78-HAB, 2022 U.S. Dist. LEXIS 210343, at *8–10 (N.D. Ind. Nov. 21, 2022) (citing *United States v. Ramsay*, 538 F. Supp. 3d 407, 407 (S.D.N.Y. 2021); *United States v. Espino*, No. 03-20051-08-JWL, 2022 U.S. Dist. LEXIS 174161 (D. Kan. Sept. 26, 2022); *United States v. Morris*, No. 3:99-cr-264-17 (VAB), 2022 U.S. Dist. LEXIS 153822 (D. Conn. Aug. 26, 2022); and *United States v. Williams*, No. 91-cr-1219-1 (DRH), 2022 U.S. Dist. LEXIS 85307 (E.D.N.Y. May 11, 2022)) (stating that defendant's age was not an extraordinary and compelling reason for release because he had received a lenient sentence and was not an adolescent at the time of the offense); *see also United States v. De La Torre*, 2024 U.S. App. LEXIS 7440, at *2–3 (7th Cir. Mar. 29, 2024). Courts determining compassionate release motions may also consider the defendant's youth at the time of the crime if it fundamentally undermines the crime's required level of deliberation. *See Chavez*, 2024 U.S. Dist. LEXIS 88382, at *9–10 (denying defendant's motion for compassionate release in part because his youth during his racketeering crimes did not undermine the deliberate state of mind inherent in leading organized gang activity).

Defendant's youth at the time of the offense may have led him to make a reckless and immature decision based on poor advice, but it did not diminish the deliberate nature of robbery and brandishing a firearm. Nor was Defendant an adolescent sentenced to life imprisonment. Defendant's

personal funds had run out after several car purchases which ultimately led him to be deprived of a functional vehicle. ECF No. 21 at 3–5. He accepted bad advice from a friend that robbing a delivery driver was an easy, quick way to make serious money. *Id.* at 5. Defendant admitted to experiencing serious reservations about committing the robbery, but nonetheless proceeded in doing so. ECF Nos. 18 at 2, 21 at 4–5. Nor did Defendant immediately need the money to access a vehicle and reach his place of employment or family activities. ECF No. 21 at 5 (stating that Defendant knew he could borrow his friend's car to go to work and a family function and would receive his paycheck the next week). Despite his youth at the time, Defendant was not so immature as to render him unable to grasp the deliberation underlying his act of robbery. Furthermore, Defendant was eighteen years old—still young, but no longer an adolescent—at the time of his crime, and he received a lenient sentence at the bottom of the range suggested by the sentencing guidelines. ECF Nos. 21 at 4–5 and 18 at 2. Defendant's age therefore is not an extraordinary and compelling reason for early release.

Defendant also urges the Court to consider his history of drug abuse. Courts in the Seventh Circuit may consider drug addiction at the time of the offense in compassionate release if the addiction was a motivating factor in the crime. *See United States v. Brown*, No. 01-CR-196-JPS, 2020 U.S. Dist. LEXIS 141443, at *15-16, *19 (E.D. Wis. Aug. 7, 2020) (granting defendant's motion for compassionate release for his armed robbery sentence in part because he had committed the crimes to secure money for his crack addiction). Moreover, in *Brown*, the defendant's former drug addiction was only considered in his motion for compassionate release because he had voluntarily ceased drug abuse during incarceration, made substantial

Page 8 of 13
Case 2:19-cr-00092-JPS   Filed 06/21/24   Page 8 of 13   Document 32

rehabilitation efforts, and had a robust post-release support network. *See id.*, 2020 U.S. Dist. LEXIS 141443, at *16–17.

Although Defendant has acknowledged an extensive history of drug abuse overlapping with his offense, drug abuse does not appear to have been a factor in the crime. Furthering ongoing drug abuse was not Defendant's motive, and nowhere does Defendant imply that this was the case. *See generally* ECF Nos. 18 at 2 and 21 at 4–5; *cf. United States v. Watford*, No. 3.97-CR-26(2) RLM, 2021 U.S. Dist. LEXIS 27762, at *27 (N.D. Ind. Feb. 12, 2021) (recounting defendant's statement that he had committed the crime at hand to finance his drug use at the time), *Brown*, 2020 U.S. Dist. LEXIS 141443, at *16 (stating that defendant had committed the crimes to finance his ongoing serious crack addiction). Regardless of whether Defendant's drug abuse impacted his decision-making abilities and mindset, leading him to act on bad advice, background drug abuse is not an extraordinary or compelling reason for compassionate release where it was not a motivating factor in the crime. This is especially relevant when the Court considers that Defendant's funds ran out not due to buying drugs, but due to a series of car purchases. ECF No. 21 at 3–5.

### 4.3  § 3553(a) Factors

Having found that Defendant has not provided an extraordinary and compelling basis for compassionate release, this Court is not required to analyze the suitability of sentence reduction under the § 3553(a) factors. *See United States v. Thacker*, 4 F.4th 569, 576 (7th Cir. 2021) ("*Upon a finding that the prisoner has supplied [an "extraordinary and compelling"] reason, the second step of the analysis requires the district court, in exercising the discretion conferred by the compassionate release statute, to consider any applicable sentencing factors in § 3553(a) . . . .*" (emphasis added)).

Nonetheless, this Court will do so in the interest of thoroughness. Even if Defendant had presented an extraordinary and compelling reason for compassionate release, applying the relevant § 3553(a) factors defeats this possibility.

The § 3553(a) factors include the following: the nature and circumstances of the offense; the defendant's history and characteristics; and the need for the sentence to (1) reflect the seriousness of the offense, promote respect for the law, and provide just punishment, (2) afford adequate deterrence, (3) protect the public, and (4) provide the defendant with effective training, care, and/or treatment. 18 U.S.C. § 3553(a).

Defendant robbed an eight-months-pregnant delivery driver, threatening her by brandishing his handgun. ECF Nos. 18 at 1–3. Defendant has admitted that he acted on bad advice that robbing a delivery driver was a quick way to make serious money and knowingly went through with the crime despite his reservations. ECF Nos. 18 at 2 and 21 at 5. This driver had to cease her employment after the robbery and forgo making extra money for her imminent child. ECF Nos. 13 at 3 and 18 at 1. Violent crimes such as robbery, especially when they present a danger to the public, traumatize a victim, or involve the use of a weapon, are strong barriers to compassionate release. *See United States v. Corbitt*, No. 19 CR 75 1 JPS, 2023 U.S. Dist. LEXIS 124029, at *21–23 (E.D. Wis. July 19, 2023) (denying defendant's motion for compassionate release because his crimes of armed robbery were grave, involved coercion, and were a threat to the public); *see also United States v. Clark*, No. 3:15-cr-00028-RLY-CMM-01, 2020 U.S. Dist. LEXIS 146768, at *6–7 (S.D. Ind. Aug. 14, 2020); *United States v. Wrice*, No. 10-cr-40065-JPG-1, 2023 U.S. Dist. LEXIS 104476, at *18–19 (S.D. Ill. June 15, 2023). Threatening a pregnant victim in the commission of a crime also strongly weighs against

compassionate release. *United States v. Ellis*, No. 3:05-CR-131 RLM, 2021 U.S. Dist. LEXIS 230959, at *14 (N.D. Ind. Feb. 1, 2021) (denying defendant's motion for compassionate release in part because he threatened a heavily pregnant woman at gunpoint during the crime).

      Considering these facts, Defendant's sentence was lenient. Primarily due to Defendant's immediate remorse and the victim's lack of physical injury, the Government recommended a "custodial sentence at the bottom of the sentencing guidelines range." ECF No. 18 at 2. The Court imposed such a sentence. ECF No. 23. This sentence combines regard for the gravity of Defendant's crime with his acceptance of accountability. Reducing it further does not promote respect for the law. In fact, Defendant has acknowledged that the sentence has had a deterrent effect on himself and others. ECF No. 26 at 5; *see also* 18 U.S.C. § 3553(a)(2)(B).

      Defendant's sentence also accords with 18 U.S.C. § 3553(a)(2)(B), as well as with § 3553(a)(3)'s consideration of recidivism potential. Defendant has indeed made commendable progress towards rehabilitation and a productive life post-release. *See* ECF No. 26 at 7, 9. This Court does not doubt Defendant's good intentions. However, Defendant has raised insufficient evidence, when balanced against the nature and severity of his crime, to establish that he is at low risk of recidivism. Defendant contends that his increased age has reduced the likelihood of any future offenses, *id.* at 7–8, but he is still a young adult. Recidivism rates for individuals convicted of robbery decrease very slowly with age. In fact, recidivism rates increase for robbery offenders until the age of 50, nor do they meaningfully decrease thereafter. *See Clark,* 2020 U.S. Dist. LEXIS 146768, at *10 (citing U.S. SENT'G COMM'N, RECIDIVISM AMONG FEDERAL VIOLENT OFFENDERS 16, 27 (Jan. 2019)). Defendant is now 23 years old, will be 25 on release, and has

clearly learned life lessons in his five years of incarceration. Unfortunately, the passage of time thus far is not enough to adequately reduce Defendant's risk of recidivism, especially considering that this was not his first conviction. *See* ECF No. 26-1 at 2, 4 (stating Defendant's previous convictions including several firearm offenses).

Defendant's sentence also aligns with 18 U.S.C. § 3553(a)(1) and (4). Defendant states that he was raised in a dysfunctional family environment marred by drug abuse and estrangement, despite having a good relationship with his mother. ECF No. 26-2 at 4. The efficacy of Defendant's alleged post-release support network is in doubt. *Id.* at 6 ("Mr. Hilliard may or may not be returning to an environment that is not supportive of positive change…"). As far as § 3553(a)(4) is concerned, Defendant's best opportunity to reduce his recidivism chances may still be prison because it ensures "close monitoring and supervision" for this purpose. *Id*. Defendant's psychological evaluation, considering a theft offense he committed while incarcerated which caused the loss of his employment, states that Defendant's future capacity for lawful conduct would suffer if "he does not continue with treatment while transitioning back into society." *Id*. Defendant's further rehabilitation is best served during his remaining prison time, and his sentence is therefore fair.

### 5. CONCLUSION

This Court must deny Defendant's motion for compassionate release. Defendant has not brought extraordinary and compelling reasons for early release before this Court. Nor would reducing his sentence align with the § 3553(a) sentencing factors. Defendant's crime was serious. The unfortunate fact that it was in large part motivated by immaturity and bad advice cannot erase that reality. It is apparent that Defendant has

Page 12 of 13
Case 2:19-cr-00092-JPS    Filed 06/21/24    Page 12 of 13    Document 32

renounced his deeds, made efforts towards rehabilitation, and intends to be a contributing member of society once he is released, but reducing his already lenient sentence is inadvisable.

Accordingly,

**IT IS ORDERED** that Defendant Eziar Hilliard's motion for compassionate release, ECF No. 26, be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 21st day of June, 2024.

BY THE COURT:

_____
J. P. Stadtmueller
U.S. District Judge